**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>        Petitioner,<br><br>  v.<br><br>MARION E. SPEARMAN, Warden, et al.,<br><br>        Respondents. | NO. CV 19-7247-TJH(E)<br><br>ORDER OF DISMISSAL |

On August 12, 2019, Petitioner, a state prisoner, filed in the United States District Court for the Southern District of California a "Petition for Writ of Habeas Corpus" ("the Petition"). On August 21, 2019, this Court received a transfer of the Petition from the Southern District. The Petition challenges a 1987 Los Angeles Superior Court criminal judgment. Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Simmons v. Hill, CV 96-2174-TJH(CW). On July 15, 1999, this Court entered judgment in Simmons v. Hill, CV 96-2174-TJH(CW), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently,

///

///

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Melvin Simmons has obtained any order from the Ninth Circuit authorizing the filing of a second or successive habeas petition in this Court. In fact, the docket reflects that in 2011, the Ninth Circuit denied Petitioner authorization to file a second or successive petition. See Simmons v. Felker, No. 11-70171.

this Court cannot entertain the present Petition.[2]  See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

The fact that Petitioner appears to have styled the present Petition as a petition under section 2241 (as well as, or in lieu of, a petition under section 2254) cannot change the result herein. Section 2254 "is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d 1002, 1007 (9th Cir.), cert. denied, 543 U.S. 991 (2004), overruled on other grounds, Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010), abrogated on other grounds, Swarthout v. Cooke, 562 U.S. 216 (2011).  Consequently, "a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254." Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000); accord Greenawalt v. Stewart, 105 F.3d 1287, 1288 (9th Cir.), cert. denied, 519 U.S. 1103 (1997); Stanton v. Law, 2008 WL 4679085, at *1-2 (D. Mont. Oct. 22, 2008), aff'd, 404 Fed. App'x 158 (9th Cir. 2010).

///

---

[2] This Court rebuffed a previous attempt by Petitioner to bring a second or successive petition challenging the 1987 Superior Court judgment.  See Simmons v. State of California, CV 19-798-TJH(E).

3

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 5, 2019.

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

PRESENTED this 21st day of
August, 2019, by:


          /s/
_____
     CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE